UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DAWN GRUBBS

   Plaintiff,

V.                                                                               CIVIL ACTION NO.

PORTFOLIO RECOVERY ASSOCIATES, LLC

   Defendant.                                                         OCTOBER 30, 2008

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Dawn Grubbs, as an individual consumer, against Defendant Portfolio Recovery Associates LLC, hereinafter ("PRA") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in

this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Dawn Grubbs is a natural person residing in Baltimore City, County of Baltimore and the State of Maryland.

4. Defendant, PRA, is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 120 Corporate Blvd, Norfolk, VA 23502 and is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts in this State and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. On or about September 2008, PRA was regularly contacting Plaintiff, by telephone, in an attempt to collect an alleged debt.

7. On or about September 25, 2008 PRA orally informed Plaintiff that she owed a debt that originated in November 1997 in the sum of $240.

8. On or about September 29, 2008 PRA again contacted Plaintiff by telephone; since Plaintiff was busy she agreed to return a call to PRA the same day. Plaintiff did telephone PRA and inquired what the debt was and a description of the alleged debt. PRA said to Plaintiff, or words to that effect – you only want the information so that you can say it is not your debt and that you would not forget to make your house payment.

9. On or about September 29, 2008, in the same conversation as set forth in No. 8, above, PRA said or words to that effect – I will call you every day till the debt is paid.

10. On or about September 30, 2008, Plaintiff, again, received a telephone call from PRA. She was transferred to a "Ms. Myers" and was advised that she had 20 days to respond to a written dispute or that they would telephone her, permitted by Maryland Law", every day.

11. Based on information and belief, at no time since the telephone calls began in September 2008 has PRA provided Plaintiff the validation of debt clause in violation of 15 U.S.C. §1692g (2).

12. As a result of the acts alleged above, Plaintiff has been damaged.

## V. CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. In the collection efforts, PRA violated the FDCPA, inter alia, § 1692g (2)
    failing to provide notice of debt: contents within five days after the initial

   Communication.

(b) Violation of §1692d (5) causing the telephone to ring or engaging any person in telephone conversations repeatedly or continuously with intend to annoy, abuse or harass any person at the called number.

(c) Violation of 1692e (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15. As a result of the foregoing violations of the FDCPA, PRA is liable to the plaintiff Dawn Grubbs for declaratory judgment that PRA's conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against Defendant PRA for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 US. 1692k (3).

E. For such other and further relief as the Court may deem just and proper.

THE PLAINTIFF

BY /s/ *[signature]*
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com